```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/05/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

VIDAL O'NEAL GREEN,

               Defendant.

22 Cr. 204-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      By letter filed with the Court and dated July 2, 2024 (the "Letter"), the Probation Department requests early termination of the supervised release term of Defendant, Vidal O'Neal Green. By letter dated July 13, 2024, the Government opposes. ECF No. 6. For the reasons stated below, the Probation Department's request is GRANTED.

      On January 18, 2022, Green commenced his three-year term of supervised release. ECF No. 1. On April 6, 2022, jurisdiction of Green's supervision was transferred to the Southern District of New York. ECF No. 2. Green's supervised-release term will terminate in approximately five months, on January 17, 2025.

      The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" if "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Guide to Judiciary Policy, Volume 8E, Chapter 3, section 360.20(c), sets forth a presumption in favor of recommending early termination after eighteen months of supervised release if the person (1) is not a career drug offender or career criminal, has not committed a sex offense, and has not engaged in terrorism, (2) presents no identified risk of harm to the public or victims, (3) has not committed any court-reported violations in a twelve-month period, (4) demonstrates the ability to lawfully self-manage beyond the period of supervision, (5) is in substantial compliance with all conditions of supervision, and (6) engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision. "[D]ecisions regarding termination and modification are within the discretion of the district court." *United States v. Wang*, No. 18 Cr. 882, 2023 WL 7019111, at *1 (S.D.N.Y. Oct. 25, 2023). "[S]upervised release is not, fundamentally, part of the punishment" for an offense, and serves "rehabilitative ends, distinct from those served by incarceration." *United States v. Brooks*, 889 F.3d 95, 99 (2d Cir. 2018) (citation omitted).

      The Court weighs heavily the recommendation of Probation Department, which states that "Green has maintained compliance with his term of supervision" and "maintains a stable residence and employment." Letter at 3. The Government does not contest that Green meets the six factors set forth in the Judiciary Policy Manual. Instead, it argues that early termination can only be granted where the supervised-release conditions hinder a defendant's ability to obtain employment and to reintegrate. ECF No. 6 at 3–4. But, the Government's narrow argument contravenes both the presumption set forth in the Judiciary Policy Manual and the purposes of

supervised release as articulated by the Circuit. *Brooks*, 889 F.3d at 99; *see United States v. Sullivan*, No. 17 Cr. 6122, 2024 WL 1793023, at *2 (W.D.N.Y. Apr. 25, 2024). In light of Probation's recommendation that early termination is warranted and the limited time left in Green's supervised release, the Court finds that Green is an appropriate candidate for early termination, and GRANTS the Probation Department's request.

Accordingly, it is ORDERED that Green's term of supervised release is terminated pursuant to 18 U.S.C. § 3583(e)(1).

SO ORDERED.

Dated: August 5, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge